# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| BILLY LEE LISENBY, JR., ) | |
| ) | |
| Petitioner, ) | No. 5:14-cv-01546-DCN |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| LEROY CARTLEDGE, *Warden,* ) | |
| *McCormick Correctional Institution*, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R") that this court deny petitioner Billy Lee Lisenby, Jr.'s ("Lisenby") request for joinder, deny Lisenby's motion for summary judgment, and grant the motion for summary judgment filed by respondent Leroy Cartledge, warden of McCormick Correctional Institution. Lisenby, who is challenging a disciplinary conviction pursuant to 28 U.S.C. § 2241, filed objections to the R&R. For the reasons set forth below, the court adopts the R&R, grants respondent's motion, and denies Lisenby's petition.

## I. BACKGROUND[1]

Lisenby is an inmate currently incarcerated at the Lieber Correctional Institution within the South Carolina Department of Corrections ("SCDC"). At the time he filed his petition, he was incarcerated at McCormick Correctional Institution, and at the time of the underlying incident, he was confined at Tuberville Correctional Institution.

---

[1] Because neither party objects to the background laid out by the magistrate judge, the following background is taken from the R&R unless otherwise noted.

Lisenby's petition arises out of a disciplinary conviction at Tuberville. According to the charge filed against him, on March 30, 2009, Lisenby allegedly struck Corporal Natasha Miller ("Miller") on the left side of her face. According to Miller, Lisenby was disrespectful toward her and when she gave a directive to stop being disrespectful, he struck her. Miller prepared an incident report charging Lisenby with "Assault and/or Battery of an SCDC Employee . . . with Means and/or Intent to Kill or Injure."

An initial hearing was conducted on April 16, 2009. Lisenby was found guilty of the charge and sanctioned to 720 days of disciplinary detention and forfeiture of 120 days of accrued good time credits. Based on SCDC grievances that Lisenby filed following the original hearing, a rehearing on the disciplinary charge was conducted on October 26, 2009. Lisenby, his counsel substitute, and the disciplinary hearing officer were present and Miller testified via speakerphone.

At the rehearing, Lisenby admitted striking Miller but asserted that it was in response to Miller choking him. Miller denied ever touching Lisenby prior to the incident. Lisenby indicated that he provided his counsel substitute with the names of ten potential witnesses. However, his counsel substitute indicated at the rehearing that she did not receive a response from any of the witnesses. According to the disciplinary hearing officer, a copy of Miller's personnel record was available at the rehearing and showed that Miller was out of work on "I/M assault leave" from March 30, 2009 until May 16, 2009. Lisenby objected to the consideration of the personnel record on rehearing because it was not produced at the original hearing. The disciplinary hearing officer found Lisenby guilty as charged and imposed a penalty of a "verbal reprimand, 150 days loss of good time, phone, canteen & visits suspended 180 days each, 720 days

2

disciplinary detention." The detention and sanctions were imposed "based on [Lisenby's] prior history of assaulting employees, the nature and seriousness of the offense and the extent of injury to Cpl. Miller . . . ."

Lisenby appealed his conviction on October 27, 2009 through several grievances. Lisenby ultimately appealed grievance RCI-0917-09 through the state court system. SCDC issued its final decision at step two of the grievance phase on April 30, 2010. Lisenby filed a timely appeal to the South Carolina Administrative Law Court ("ALC"). On January 28, 2011, the ALC issued an order rejecting Lisenby's constitutional claims and affirming SCDC's final agency action. Lisenby then filed a timely appeal to the South Carolina Court of Appeals, which, following briefing by both parties, affirmed the ALC's decision. Lisenby petitioned the South Carolina Supreme Court for a writ of certiorari, and the South Carolina Supreme court denied his petition on March 19, 2014.

On April 9, 2014, Lisenby filed the instant habeas petition. On June 16, 2014, Lisenby filed a motion for summary judgment. Cartledge filed a motion for summary judgment on July 3, 2014. On August 21, 2014, Lisenby filed a response. The magistrate judge issued an R&R on December 18, 2014, recommending that the court deny Lisenby's motion and grant Cartledge's motion. On January 5, 2015, Lisenby filed objections to the R&R. These matters are fully briefed and ripe for the court's review.

## II.  STANDARDS

### A.     28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides relief to persons in custody pursuant to the judgment of a state court on the ground that the custody is "in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a). The statute requires a petitioner to exhaust all available remedies in state court before the federal court may consider a claim. § 2254(b)(1)(A).

When a § 2254 petitioner's habeas claim has been adjudicated on the merits in state court proceedings, the federal review court cannot grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

### B.     Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### C.     Pro Se Plaintiff

Plaintiff is proceeding pro se in this case.  Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).  Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys. Id.  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### D.     Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor.  Id. at 255.

## III.   DISCUSSION

Before considering Lisenby's objections, the court first must determine whether his motion is proper under § 2241.  Other courts have noted that "[w]hile the text of either § 2241 or § 2254 would seemingly confer jurisdiction upon the court to entertain [a petitioner's] petition, Congressional intent underlying § 2254 countenances that state

prisoners who seek federal habeas relief must proceed under § 2254." Tippett v. McCall, No. 1:09-cv-593, 2011 WL 441942, at *2 (D.S.C. Feb. 7, 2011). While the Fourth Circuit has not weighed in, it has noted that a circuit split exists on the issue, with the "majority view" being that "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." Gregory v. Coleman, 218 F. App'x 266, 267 n.* (4th Cir. 2007) (quoting White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004)). Therefore, the court will recharacterize Lisenby's § 2241 petition as a § 2254 petition. See Tippett, 2011 WL 441942, at *2.

Lisenby's objections are somewhat difficult to parse, but his objections generally fall into three categories. He argues that the magistrate judge erred by finding that: (1) the representation by Lisenby's counsel substitute did not violate due process; (2) SCDC did not violate Lisenby's due process rights by preventing him from presenting witnesses at the rehearing; and (3) Lisenby's excessive sentencing claim was procedurally defaulted.[2] The court discusses each objection in turn.

### A.     Counsel Substitute

Lisenby first argues that his counsel substitute "did nothing in this case." Pet'r's Objections 2. However, inmates do not "'have a right to either retained or appointed counsel in disciplinary hearings.'" Baxter v. Palmigiano, 425 U.S. 308, 315 (1976) (quoting Wolff v. McDonnell, 418 U.S. 539, 570 (1974)). Therefore, Lisenby's claim

---

[2] Lisenby does not object to the magistrate judge's recommendation that the court deny his request for joinder. Therefore, the court denies the request. Moreover, to the extent that Lisenby otherwise alleges that SCDC did not follow its own policies, the "failure to follow prison rules or regulations does not, without more, give rise to a constitutional violation." Weatherholt v. Bradley, 316 F. App'x 300, 303 (4th Cir. 2009) (citing Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996)).

that his counsel substitute was ineffective during his prison disciplinary proceeding lacks merit. See Decker v. Stephens, 2014 WL 657708, at *5 (S.D. Tex. Feb. 14, 2014).

Lisenby's first objection fails.

### B.     Witnesses

Next, Lisenby contends that his due process rights were violated because respondent "refus[ed] to have [Lisenby's] witnesses present." Pet'r's Objections 7.

The Supreme Court has held that an "inmate facing disciplinary proceedings should be allowed to call witnesses . . . in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id.

At the rehearing, Lisenby indicated that he "asked [his counsel substitute] to get my witnesses." Resp't's Mot. Ex. B. The disciplinary hearing officer asked counsel substitute if she had contacted the witnesses. Id. In response, his counsel substitute indicated that she "didn't receive anything from any individual from [Lisenby's] witnesses or the names he gave me for them to go around (inaudible) to get statements from." Id. The South Carolina Court of Appeals determined that "[c]ontrary to Lisenby's contention, the record reveals he was provided the opportunity to present witnesses, but that "he did not have any witnesses testify on his behalf . . . because the witnesses did not respond to his requests to testify." Resp't's Mot. Ex. G.

The court agrees with the South Carolina Court of Appeals. Lisenby's objection concerning his ability to present witnesses fails.

### C.     Excessive Sentencing Claim

Finally, Lisenby objects to the magistrate judge's finding that his excessive sentencing claim was procedurally defaulted. Pet'r's Objections 8. Even assuming that Lisenby has not procedurally defaulted his claim, however, he is not entitled to relief.

Lisenby argues that the disciplinary hearing officer wrongly determined that the conduct at issue was Lisenby's second offense. Id. As a result, Lisenby was sentenced to 720 days disciplinary detention instead of 360 days, which would have been his maximum sentence for a first offense. Id.

However, an inmate is afforded procedural protections during an administrative disciplinary hearing only when loss of statutory good time credits or some other liberty interest is at risk. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). "[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); see also McKune v. Lile, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.'" (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983))).

Because Linsenby has no liberty interest in avoiding disciplinary detention, his excessive sentence claim would fail, even if it were not procedurally defaulted.

## IV.  CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, **GRANTS** respondent's motion for summary judgment, and **DENIES** petitioner's motion for summary judgment, and **DENIES** petitioner's habeas petition brought under 28 U.S.C. § 2254, and **DENIES** petitioner's request for joinder.

Additionally, the court **DENIES** a certificate of appealability because petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 13, 2015**
**Charleston, South Carolina**